IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 25-cv-03228-PAB
(Bankruptcy No. 23-01090-JGR)

In re:

LOUIS BEHRENDT and GINA ANTONIO,

Debtor.

---

DIANA GONZALEZ,

Appellant,

v.

LOUIS BEHRENDT, and
GINA ANTONIO,

Appellees.

---

**ORDER**

---

This is an appeal by appellant Diana Gonzalez, who filed an adversary proceeding in the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court"). Ms. Gonzalez appeals the Bankruptcy Court's order granting defendant Louis Behrendt's motion for summary judgment in the adversary proceeding. The Court has jurisdiction pursuant to 28 U.S.C. § 158(a).[1]

[1] After reviewing the parties' submissions, the Court has determined that oral argument is not necessary to the resolution of this appeal.

## I. BACKGROUND[2]

In approximately 2006, Mr. Behrendt and Apolo Sevilla, Ms. Gonzalez's son, formed a company known as RedCorp. RAIII-1443-44. After leaving Colorado, Mr. Sevilla returned in 2016 or 2017 and was eventually employed at RedCorp. RAIII-1444. In June 2019, Mr. Behrendt and Mr. Sevilla formed SC Equity LLC ("SC Equity") to purchase lots and develop a single-family home on each lot. RAIII-1444. By late 2019, Mr. Behrendt and Mr. Sevilla were working on two additional development projects in which RedCorp was acting as the general contractor. RAIII-1445.

Mr. Sevilla approached FirstBank to obtain a line of credit to be used by SC Equity. *Id.* FirstBank required the line of credit to be collateralized. *Id.* Mr. Sevilla reached out to his mother, Ms. Gonzalez, and requested that she put up her residential real estate that she owned in Denver, Colorado as collateral. *Id.* The line of credit was guaranteed by Mr. Behrendt, Gina Antonio, who is Mr. Behrendt's wife, Mr. Sevilla, and Ms. Gonzalez. *Id.* On January 2, 2020, the line of credit, in the amount of $956,400, closed. *Id.* SC Equity assumed the line of credit effective February 28, 2020 and immediately began taking draws against it. *Id.* The draws totaled $502,500, plus $315,957.57 used for the downpayment on the development projects. *Id.* The draws taken by SC Equity were used for four development projects. *Id.* at 907.

On March 17, 2021, FirstBank declared the line of credit in default and began collection activities against SC Equity and the guarantors. *Id.* Ms. Gonzalez sold her

---

[2] On appeal, the parties do not raise issue with the undisputed background facts found by the Bankruptcy Court. *See* RAIII-1444-1447. Accordingly, the Court adopts those facts here and will discuss only those facts that are necessary to resolve Ms. Gonzalez's appeal.

residential real estate and paid FirstBank $1,001,646.43 in full satisfaction of the SC Equity line of credit. *Id.* Ms. Gonzalez filed a lawsuit in the District Court for Denver County, Colorado, asserting (1) a reimbursement claim again SC Equity; (2) contribution claims against Mr. Behrendt, Ms. Antonio, SC Equity, and RedCorp as co-guarantors; (3) fraudulent transfer claims against SC Equity, Mr. Behrendt, and RedCorp; (4) conspiracy claims against SC Equity, Mr. Behrendt, and RedCorp; and (5) unjust enrichment claims against Mr. Behrendt, Ms. Antonio, and RedCorp. *Id.*

On January 10, 2023, RedCorp sought relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Colorado Case No. 23-10073-JGR, which stayed the Denver District Court action as to RedCorp. *Id.* The Chapter 7 case was closed as a no asset case. *Id.* Mr. Behrendt and Ms. Antonio also sought relief under Chapter 7, which stayed the Denver District Court action as to them. *Id*. at 908. Their Chapter 7 case was administered as an asset case. *Id.* On February 1, 2023, Ms. Gonzalez obtained a default judgment against SC Equity for $871,646.43, plus pre-judgment and post-judgment interest, in the Denver District Court case. *Id.*

On April 7, 2023, Ms. Gonzalez filed an adversary case against Mr. Behrendt and Ms. Antonio. *See Gonzalez v. Behrendt*, Case No. 23-01090-JGR (Bankr. D. Colo. April 7, 2023). On October 24, 2023, Ms. Gonzalez filed an amended complaint to determine the dischargeability of Mr. Behrendt's and Ms. Antonio's debt. *See id.*, Docket No. 19. In the amended complaint, Ms. Gonzalez asserts three claims to establish liability against Mr. Behrendt and Ms. Antonio: for fraudulent transfers against Mr. Behrendt and Ms. Antonio pursuant to the Colorado Uniform Fraudulent Transfer Act ("CUFTA") (Count I); for civil conspiracy against Mr. Behrendt (Count II); and a claim

to pierce the corporate veil of SC Equity in order to hold Mr. Behrendt liable for the default judgment entered against SC Equity (Count IV). *See id.*, Docket No. 19 at 28-31; 32-33. Ms. Gonzalez's remaining claims are asserted to address the dischargeability of the debt under 11 U.S.C. § 523(a): nondischargeability under §§ 523(a)(14) and (14A) (Count III); nondischargeability under § 523(a)(2)(A) (Count V); nondischargeability under § 523(a)(4) (Count VI); and nondischargeability under § 523(a)(6) (Count VII). *See id.*, Docket No. 19 at 31-32, 33-40.

On September 26, 2025, the Bankruptcy court granted Mr. Behrendt's motion for summary judgment on all of Ms. Gonzalez's claims. *See id.*, Docket No. 91 at 14. Ms. Gonzalez appeals the Bankruptcy Court's grant of summary judgment for Mr. Behrendt as it relates to Counts I and V. *See* Docket No. 14 at 7-8.

## II. STANDARD OF REVIEW

A party may appeal the "final judgments, orders, and decrees" of a bankruptcy court to either the district court or a bankruptcy appellate panel. 28 U.S.C. §§ 158(a)(1), (c)(1). A district court reviews the Bankruptcy Court's legal conclusions de novo, its factual findings for clear error, and its discretionary decisions for abuse of discretion. *In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010); *Busch v. Busch* (*In re Busch*), 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003) (lifting of automatic stay); *Brasher v. Turner* (*In re Turner*), 266 B.R. 491, 494 (B.A.P. 10th Cir. 2001) (excluding an exhibit); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) (entering default judgment). A court must "reach its own conclusions regarding state law legal issues, without deferring to the bankruptcy court's interpretation of state law."

*In re Borgman*, 698 F.3d 1255, 1259 (10th Cir. 2012) (quoting *In re Wagers*, 514 F.3d 1021, 1024 (10th Cir. 2007)).

## III. ANALYSIS

Ms. Gonzalez's appeal is based on two issues. *See* Docket No. 14 at 16-18. First, Ms. Gonzalez argues that the bankruptcy court erred in concluding that she lacked standing to pursue her fraudulent transfer claims involving SC Equity's funds. *See id.* Ms. Gonzalez argues that, pursuant to CUFTA, Colo. Rev. Stat. § 38-8-101 et seq., she has standing to sue either of the transferees of the SC Equity funds, namely, RedCorp and Mr. Behrendt. *See id.* at 16-17. Second, Ms. Gonzalez argues that the bankruptcy court erred by "failing to consider whether any facts in the record qualified as badges of fraud" as necessary to resolve Count V. *See id.* at 17-18.

Mr. Behrendt argues that Ms. Gonzalez's issue fails because she cites no facts that support a "finding that the funds [transferred from SC Equity to RedCorp] are recoverable under CUFTA." *See* Docket No. 20 at 13-14. Mr. Behrendt also argues that Ms. Gonzalez lacks standing to seek recovery of RedCorp's subsequent transfer of funds to Mr. Behrendt. *See id*. at 14-15. Mr. Behrendt maintains that, even if Ms. Gonzalez established facts showing a valid debt against Mr. Behrendt, "the undisputed facts do not support fraud as required for nondischargeability." *Id.* at 17.

The Court starts by addressing Ms. Gonzalez's challenge to the Bankruptcy Judge's finding regarding Count V, which is asserted under § 523(a)(2)(A). Pursuant to § 523(a)(2)(A), a debt is not discharged if that debt was "obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). The Bankruptcy

Court identifies Ms. Gonzalez's claim as being based on the existence of actual fraud. *See* RAIII-1454. Establishing actual fraud under § 523(a)(2)(A) "requires proof of three elements: 1) fraudulent intent; 2) a fraudulent scheme; and 3) injury caused by the scheme." *In re Jensen*, 2019 WL 2403105, at *8 (10th Cir. BAP June 7, 2019).

Ms. Gonzalez argues that the Bankruptcy Court "recited numerous facts in the record that qualify as badges of fraud," but failed to "give these facts any consideration." Docket No. 14 at 31. Specifically, Ms. Gonzalez argues that the Bankruptcy Court failed to properly consider as evidence of fraud her expert's opinions, namely, those of Mr. Danner and Ms. Nowinsky; the fact that RedCorp and SC Equity are "majority owned and controlled by Behrendt"; that SC Equity began taking draws from the line of credit that were immediately transferred by SC Equity to RedCorp; and that SC Equity had "no interest" in the projects that were being purportedly funded though the line of credit. *See id.* at 31-34.

As an initial matter, the Court agrees with Mr. Behrendt that Ms. Gonzalez improperly relies on CUFTA "badges of fraud" in arguing that the debt was nondischargeable under § 523(a)(2)(A) as a product of actual fraud. *See* Docket No. 20 at 17-18. "[I]n complaints brought under § 523 cases, state law determines property rights, and bankruptcy law determines dischargeability." *In re Sweeney*, 341 B.R. 35, 38 (10th Cir. BAP 2006), *aff'd*, 492 F.3d 1189 (10th Cir. 2007). Thus, the Bankruptcy Court did not err by not referring to CUFTA "badges of fraud" when discussing Count V.

Even if the CUFTA "badges of fraud" relied upon by Ms. Gonzalez could be used to support dischargeability under § 523(a)(2)(A), none of these facts were asserted in Ms. Gonzalez's response to Mr. Behrendt's motion for summary judgment in

accordance with Local Rules of the Bankruptcy Court, the Federal Rules of Bankruptcy Procedure, and the Federal Rules of Civil Procedure. Local Bankruptcy Rule 7056-1, which governs summary judgment, states that "[r]esponses in opposition must include: . . . a short and concise statement, in numbered paragraphs containing only one fact, of any additional facts as to which the opposing party contends are material and disputed." L.B.R. 7056-1(b)(4). Ms. Gonzalez's response did not include a statement of additional facts which she contends are material and disputed. Ms. Gonzalez citing evidence in the argument section of her response does not suffice. Federal Rule of Bankruptcy Procedure 7056 states that "Fed. R. Civ. P. 56 applies in an adversary proceeding." Fed. R. Bankr. Proc. 7056. Federal Rule of Civil Procedure 56 distinguishes between statements of fact, which Mr. Behrendt would have had an obligation to admit or deny, from the evidence that supports the statements. *See, e.g.*, Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record").

Even if Ms. Gonzalez did properly assert her statement of disputed facts, the Court agrees with Mr. Behrendt that the facts Ms. Gonzalez relies upon "concern SC Equity, not Mr. Behrendt personally" and are therefore insufficient to show Mr. Behrendt's actual fraud under § 523(a)(2)(A).[3] *See* Docket No. 20 at 19 (emphasis omitted). Ms. Gonzalez also argues that the Bankruptcy Judge "overlooked" facts related to Mr. Behrendt's admissions of fraud, but these facts were also improperly

[3] The Bankruptcy Court granted summary judgment for Mr. Behrendt on Ms. Gonzalez's claim to pierce SC Equity's corporate veil to impose personal liability on Mr. Behrendt. *See* RAIII-1452-53. Ms. Gonzalez does not appeal this finding.

asserted and therefore are not a proper basis to deny summary judgment. *See* Docket No. 14 at 34-37.

Ms. Gonzalez argues that, "[i]nstead of focusing on evidence of fraudulent intent, the bankruptcy court made repeated reference to allegations of fraudulent intent in the Amended Complaint." *Id.* at 36. The Court finds that the Bankruptcy Court cited allegations from Ms. Gonzalez's amended complaint to clarify the scope of her claims and not to make improper findings at the summary judgment stage. For instance, the Bankruptcy Court relied on the amended complaint to explain that Mr. Gonzalez was bringing a claim for actual fraud under § 523(a)(2)(A), rather than based on a theory of false pretenses or false representations. *See* RAIII-1454. Similarly, the Bankruptcy Court referred to Ms. Gonzalez's allegations of actual fraud from the amended complaint to determine whether Ms. Gonzalez has raised a genuine dispute of material fact regarding her claim. *See id.*; *see also Cruz v. City & Cnty. of Denver*, No. 21-cv-03388-KAS, 2024 WL 1346471, at *16 (D. Colo. Mar. 29, 2024) ("it is equally true when adjudicating motions for summary judgment that the Court must have sufficient clarity as to what the specific claims are and the basis for each one of those claims before it can adjudicate those claims on the merits").

Accordingly, the Court finds no error in the Bankruptcy Court's finding that Mr. Behrendt was entitled to summary judgment on Ms. Gonzalez's claim that Mr. Behrendt is not discharged from his debt pursuant to 11 U.S.C. § 523(a)(2)(A). As noted by the Bankruptcy Court, to prevail on any of her dischargeability claims, Ms. Gonzalez must establish Mr. Behrendt is liable on Ms. Gonzalez's claims. RAIII-1447. Thus, the Court does not address Ms. Gonzalez's argument, related to Count I, that the Bankruptcy

Court erred in finding that she lacked standing to pursue claims concerning funds that belonged to SC Equity, including those funds SC Equity transferred to RedCorp and those funds RedCorp transferred to Mr. Behrendt. *See* Docket No. 14 at 19-27. Even if Ms. Gonzalez did have standing to assert such claims, and therefore has a valid claim on Mr. Behrendt's debt, as discussed above, the Court finds that the Bankruptcy Judge did not err in finding that those debts are dischargeable under 11 U.S.C. § 523(a)(2)(A).

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Order Granting Defendant Behrendt's Motion for Summary Judgment is **AFFIRMED**. It is further

**ORDERED** that this case is closed.

DATED September 22, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge